

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST MANUFACTURERS COMPUTER OUTLET, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 3975<br>)<br>) Wayne R. Andersen |
| SEARS ROEBUCK AND CO., | ) District Judge<br>) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on defendant Sears Roebuck and Company's motion [21] to dismiss Count II and to strike portions of plaintiff's complaint. For the following reasons, the motion to dismiss is granted, and the motion to strike is granted in part and denied in part.

## BACKGROUND

Plaintiff First Manufacturers Computer Outlet ("FMCO") filed a three count complaint against Sears for breach of contract, breach of fiduciary duty, and breach of warranty. Each cause of action arises from an arrangement between the parties to engage in a commercial transaction concerning the sale of cash registers from Sears to FMCO. FMCO alleges that the contract was formed through a series of emails and a purchase order in which Sears agreed to sell FMCO 7813 cash registers at the price of $100 per unit. The order was completed February 1, 2004, and all units were to be delivered by May 2004. However, FMCO claims that delivery was not complete until October 2004, and several hundred units were not delivered.

FMCO further alleges that it purchased the cash registers with the intention of reselling them on the secondary market for a profit. However, FMCO claims that the majority of the units it received were defective or missing parts. As a result, FMCO states that it incurred

unanticipated expenses for replacing missing parts and repairing broken machines, and it had additional overhead for late delivery. FMCO claims that it was unable to sell the units for the price anticipated and thus lost expected profits.

In addition to the three counts and the corresponding request for damages in the amount of $1,099,155, FMCO has requested an award of interest on the damages, the imposition of a constructive trust upon funds Sears obtained for repairs on the cash registers and attorneys' fees and court costs.

Sears has filed a motion to dismiss Count II of FMCO's complaint which alleges breach of fiduciary duty. In addition, Sears has moved to strike portions of FMCO's complaint requesting prejudgment interest, a constructive trust on the funds, and attorneys' fees.

## DISCUSSION

### I. Motion to Dismiss Standard

In ruling on a motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

### II. Illinois Law Governs This Dispute

The parties rely on the laws of separate states as support for their positions. In its motion, Sears relies on Illinois law, while FMCO contends that Virginia law applies. Since the

contract does not contain a choice-of-law provision, this court will apply the choice-of-law rule of Illinois to determine the applicable substantive law. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). "Illinois has adopted the 'most significant contacts' test proffered by the Restatement (Second) of Conflicts § 188 (1971) in deciding choice-of-law disputes with respect to contractual issues." *Hinc v. Lime-O-Sol Co.* 382 F.3d 716, 719 (7th Cir. 2004). According to the test, five factors are relevant in making choice of law determinations: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, place of incorporation, and place of business of the parties. *Gramercy Mills, Inc. v. Wolens* 63 F.3d 569, 572 (7th Cir. 1995).

In applying this test, the court concludes that Illinois law applies to the dispute. Since the terms of the contract were negotiated exclusively through telephone and email correspondence, there seemingly is no specific place of contracting or negotiation. Emails were sent from each party's place of business to that of the other party in either Illinois or Virginia. Therefore, the place of negotiation is indeterminable, and the factor favors neither state. However, Illinois law states that the place of contracting is the jurisdiction in which the last act necessary to validate the contract is completed. *Illinois Tool Works v. Sierracin Corp.* 134 Ill. App. 3d 63, 69, 479 N.E. 2d 1046, 1051 (Ill.App. 1st Dist. 1985). Therefore, the place of contracting can be said to favor Illinois because the contract was accepted in and the acceptance was emailed from Illinois.

The third factor in the choice of law test concerns the place of performance of the terms of the agreement. This factor has little influence because both parties were bound to perform under the contract in both Illinois and Virginia. FMCO was required to make payment from Virginia to be mailed to Illinois, while Sears was to make delivery from its location in Illinois.

3

The fourth factor, which considers the location of the subject matter, seems to favor Virginia as the cash registers were delivered to FMCO in Virginia. However, this test also fails to shed much light on the choice of law analysis since the registers initially were in Sears' possession, delivered to FMCO, and then resold to a variety of purchasers. Finally, the parties and the court agree that the fifth factor, which looks at the parties' domicile, residence, place of business and place of incorporation, favors neither state. In considering all of these factors as well as the purpose of the most significant contacts test, the court concludes that Illinois law is the most appropriate choice of law.

### III. FMCO Fails to State a Claim for Breach of Fiduciary Duty

Count II of FMCO's complaint alleges a breach of fiduciary duty. For this claim to stand, there had to exist a fiduciary relationship between the parties created by the establishment of a joint venture. *Industrial Hard Chrome v. Hetran.*, 90 F. Supp.2d 952, 955-956 (N.D. Ill. 2000). In order to establish a joint venture under Illinois law, five factors must be present: (1) an agreement to carry on a single enterprise with a legitimate purpose; (2) a community of interest in the purpose; (3) expectation of profits; (4) duty to share profits and losses; and (5) the right of each person to direct and govern conduct of the other members of the venture. *Glass v. Kemper Corp.*, 949 F. Supp 1341, 1345 (N.D. Ill. 1997). The proponent of the joint venture must state enough for the court to infer the existence of each of the elements. *Industrial Hard Chrome v. Hetran.*, 90 F. Supp. 2d 952, 955 (N.D. Ill. 2000).

FMCO fails to demonstrate the existence of several of the requisite elements in establishing a joint venture. In paragraphs 9, 18, and 19 of its complaint, FMCO alleges that it entered into an agreement with Sears in order to purchase the cash registers, resell them on the secondary market, and split any sale proceeds above a threshold level. However, the series of

4

emails that make up the contract contradict these allegations. Under Federal Rules of Civil Procedure Rule 10(c), a contract attached to the pleadings as an exhibit is part of the pleadings for purposes of considering a motion to dismiss. FED. R. CIV. P. 10(c). Therefore, the contract can be utilized to better understand the relationship and agreement between the parties. In addition, to the extent that a contract contradicts a complaint, "the contract[] trump[s] the facts or allegations presented in the [c]omplaint." *Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.* 474 F.3d 463, 466 (7th Cir. 2007).

After examining the emails, it is evident that profit sharing was merely a proposal that never was agreed upon by the parties. Likewise, the purchase order that finalizes the deal contains no mention of a revenue-sharing provision. Therefore, based on the allegations of the complaint in conjunction with the court's review of the exhibits attached to the complaint which provide the terms of the parties' contract, FMCO cannot establish the existence of a joint venture. There was no joint venture because there was no expectation of profits, no profit or loss sharing, and no right on the part of Sears to direct or govern the resale of the cash registers. The contract governed a commercial transaction and no more. Since there is no joint venture, there is no corresponding fiduciary duty. As a result, the court grants Sears' motion to dismiss Count II.

### IV. FMCO Is Not Entitled to Recover Attorneys' Fees

In its complaint, FMCO requests an award of attorneys' fees in its prayer for relief. Sears has moved to strike this request. Without a statutory basis or provision in the contract to support the award, there seems to be no authority by which to grant an award of attorneys' fees. "Illinois follows the American rule, under which attorney fees are not available unless the parties have agreed to them or a statute provides for them." *In re Weinschneider* 395 F.3d 401, 404 (7th Cir. 2005). Therefore, FMCO's request for attorneys' fees will be denied.

## V. Imposition of a Constructive Trust May Be an Available Remedy

FMCO has requested that this court impose a constructive trust upon funds allegedly retained by Sears. Sears moved to strike this request from the pleadings. Under Illinois law, a constructive trust may be imposed as an equitable remedy to transfer title and possession of wrongfully acquired property to the beneficiary. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.*, 114 Ill.2d 278, 293 (1986). A constructive trust generally arises in cases of fraud or breach of fiduciary duty. *Suttles v. Vogel*, 126 Ill.2d 186, 193 (1988). One may also be imposed in cases of duress, coercion, mistake, or when some other form of wrongdoing is present. *Id.* However, a constructive trust cannot be imposed unless a plaintiff alleges specific allegations of wrongdoing, and the grounds for imposing the trust must be clear and convincing. *Id.*

In its complaint, FMCO alleges that Sears improperly retained funds acquired from IBM for repair work performed on the cash registers by FMCO. These allegations provide the necessary claim of wrongdoing that, if proven true, may provide a basis for the transfer of the property to the rightful owner. Based on these allegations, which this court must assume true at this stage, a constructive trust may be an available remedy under Illinois law. Therefore, the court will not strike the remedy at this time.

## VI. FMCO May Be Entitled to Prejudgment Interest

FMCO has requested an award of interest on the damages. Sears, in its motion, moved to strike this request. The general rule governing prejudgment interest in Illinois is that interest is not recoverable unless provided for by agreement of the parties or by statute. *Bassett v. Pekin Police Pension Bd.* 362 Ill. App. 3d 235, 240, 839 N.E. 2d 130, 135 (Ill. App. 3rd Dist. 2005). However, prejudgment interest may be recoverable when warranted by equitable considerations.

*In re Estate of Wernick,* 127 Ill.2d 61, 87 (1989). "Whether equitable considerations support an award of interest is a matter lying within the sound discretion of the trial court." *Id.* According to *Wernick,* a breach of fiduciary duty may be an appropriate circumstance under which prejudgment interest could be awarded. *Id.* However, the court in *Wernick* also determined that when money has wrongfully been withheld, the victim may receive interest on funds improperly retained by the other party. *Id.* The complaint adequately alleges that Sears may have wrongfully withheld funds from FMCO. Therefore, at this stage in the litigation, FMCO's request for prejudgment interest will not be stricken from the pleadings.

## CONCLUSION

Based on the foregoing reasons, defendant Sears' motion [21] to dismiss Count II is granted, and the motion to strike portions of FMCO's complaint is granted in part and denied in part.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: May 11, 2007